UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIO PROPERTIES, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>XTREME MERCHANDISING, LLC,<br><br>        Defendant. | 2:11-CV-1897 JCM (GWF) |

**ORDER**

Presently before the court is defendant Xtreme Merchandising, LLC's motion to dismiss. (Doc. #20). Plaintiff Rio Properties, Inc. filed an opposition. (Doc. #23). Plaintiff's opposition brief further requested leave to file an amended complaint. (Doc. #23). Plaintiff also filed a copy of its proposed amended complaint. (Doc. #23, Ex. 2). Defendant then filed a reply. (Doc. #25).

This case involves a dispute over an agreement allegedly between defendant and plaintiff for rooming accommodations, banquet facilities, and catering services during a World Series of Poker event, which was held at plaintiff's property between May 31, 2011, and July 19, 2011. Defendant now moves to dismiss the complaint, arguing that defendant is not a party to the agreement. The face of the agreement shows that it is between plaintiff and an entity named "Pro's Suite." (Doc. #20, Ex. 1). Therefore, defendant argues that it is not a proper party to this case, and the complaint should be dismissed.

In response, plaintiff argues that defendant was doing business as Pro's Suite. (Doc. #23). Plaintiff notes that it made a similar agreement with defendant in 2010, and the parties used the name

**James C. Mahan**
**U.S. District Judge**

1  Pro's Suite rather than Xtreme Merchandising, LLC in the contract "due to various sensitivities
2  involving internet poker." (Doc. #23). Plaintiff further states that it had the same understanding for
3  the 2011 contract at issue in this case. Accordingly, plaintiff asserts that defendant is the real party
4  in interest, and the complaint should not be dismissed. In support of this assertion, plaintiff attached
5  an affidavit of Jennifer Little, plaintiff's Catering Sales Manager, and various email communications
6  between the parties. (Doc. #23, Ex. 1). Additionally, plaintiff requests leave of the court to amend
7  its complaint to include claims for misrepresentation and reformation of the contract to express that
8  defendant is the contracting party. (Doc. #23).

### Legal Standard

10  A complaint must include a "short and plain statement of the claim showing that the pleader
11  is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the
12  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*
13  *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil
14  Procedure 9(b), a party alleging fraud or mistake "must state with particularity the circumstances
15  constituting fraud or mistake. FED. R. CIV. P. 9(b). "Averments of fraud must be accompanied by
16  "the who, what, when, where, and how" of the misconduct charged." *Vess v. Ciba-Geigy Corp.*
17  *USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Courts may dismiss causes of action that "fail[] to state
18  a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

19  The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v.*
20  *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable
21  inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to
22  dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is
23  plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).
24  Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a
25  sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are
26  'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and
27  plausibility of entitlement to relief.'" *Id.*

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed amended complaint along with the motion to amend. LR 15-1(a).

**Discussion**

Where a document is "clear and unambiguous on its face, the court must construe it from the language therein." *Southern Trust Mort. Co. v. K&B Door Co., Inc.*, 104 Nev. 564, 568 (1988). Extrinsic evidence "is not admissible to add to, subtract from, vary, or contradict . . . written instruments which . . . are contractual in nature and which are valid, complete, unambiguous, and unaffected by accident or mistake." *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F. Supp. 2d 1184, 1191 (D. Nev. 2006) (quoting *Ringle v. Bruton*, 86 P.3d 1032, 1037-38 (Nev. 2004)). Therefore, evidence is not admissible to vary or contradict the terms of an unambiguous written agreement. *Id.* A contract is ambiguous when it is "reasonably susceptible to different constructions or interpretations." *Id.* at 1193.

Evidence is, however, admissible if the party attacking the instrument can establish fraud or mistake. *Tallman v. First Nat. Bank of Nev.*, 66 Nev. 248, 258 (1949). "[A] party relying upon fraud for this purpose must both plead and prove it." *Id.*; *Crockett & Myers*, 440 F. Supp. 2d at 1191.

Plaintiff's original complaint does not plead fraud or misrepresentation. (Doc. #1, Ex. A). However, once defendant filed its motion to dismiss challenging its liability under the contract, plaintiff filed an opposition and requested leave to file an amended complaint. (Doc. #23). Plaintiff's proposed amended complaint adds claims for reformation and misrepresentation. (Doc. #23, Ex. 2).

The court finds that granting leave to amend the complaint is appropriate here. If plaintiff pleads and proves misrepresentation, as alleged in the proposed amended complaint, it may be able

**James C. Mahan**
**U.S. District Judge**

- 3 -

to admit extrinsic evidence to attack the contract.  *See Tallman*, 66 Nev. at 258.  Thus, justice requires granting leave to amend.  FED. R. CIV. P. 15(a).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Xtreme Merchandising, LLC's motion to dismiss (doc. #20) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Rio Properties, Inc.'s request for leave to file an amended complaint (doc. #23) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall file its proposed amended complaint with the court within 7 days of entry of this order.  Failure to file the proposed amended complaint may result in sanctions, including dismissal of the instant case.

DATED May 24, 2012.

_____
**UNITED STATES DISTRICT JUDGE**